UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                  :

**KRAPE, S.A.**,
                  :

        Plaintiff,
                  :    **ORDER ADOPTING REPORT**
                                    **AND RECOMMENDATION**
      – against –
                  :
                                21-CV-3742 (AMD) (JRC)
                  :

**L I K SUPPLY, CORP.**,
                  :

        Defendant.
                  :

------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

       On July 2, 2021, the plaintiff commenced this breach-of-contract action alleging that the defendant did not deliver goods that the plaintiff ordered pursuant to the parties' purchase-and-sale agreements. (*See* ECF No. 1.)

       Both the plaintiff and defendant are medical supply distributors. (ECF No. 1 ¶¶ 2-3.) The plaintiff is a Spanish corporation, and the defendant is incorporated New York. (*Id.*) In April and May of 2020, the plaintiff purchased nitrile and vinyl gloves from the defendant pursuant to a series of purchase and sale agreements. (*Id.* ¶ 6.) The contracts required the plaintiff to pay the defendant either 50% or 100% of the purchase price upfront, with any remaining balance due upon delivery. (*Id.* ¶¶ 7-8.) In April and May of 2020, the plaintiff paid the defendant a total of $990,455.00 for gloves, but the defendant never delivered them. As a result, the plaintiff lost profits because it could not fulfill its customers' orders. (*Id.* ¶¶ 9-19.)

       In acknowledgment of its breach of contract, the defendant applied $147,957.68 of the plaintiff's payments to subsequent purchase orders, which it fulfilled, and also refunded the plaintiff $180,987.22. (*Id.* ¶¶ 13-17.) The plaintiff filed this suit to recover the outstanding

balance, lost profits and pre-judgment interest.  (*Id.* ¶¶ 19-23.)  The plaintiff served the defendant on July 7, 2021, but the defendant did not answer the complaint or file an appearance.  (ECF Nos. 6, 10.)  Accordingly, the Clerk of Court entered a Certificate of Default against the defendant on October 8, 2021.  (ECF No. 10.)

On November 22, 2021, the plaintiff moved for default judgment.  (ECF No. 11.)  On November 23, 2021, I referred the motion to United States Magistrate James R. Cho for report and recommendation.  On September 15, 2022, Judge Cho concluded that the plaintiff's well-pleaded factual allegations, taken as true, constituted valid claims for which relief could be granted.  (ECF No. 29 at 6.)  Specifically, Judge Cho determined that the United Nations Convention on Contracts for the International Sale of Goods ("CISG") governed the plaintiff's claim, that the parties had enforceable contracts under CISG, and that the defendant had breached those contracts.  (*Id.* at 4-6.)  Accordingly, Judge Cho recommended that I grant the plaintiff's motion for default judgment.  (*Id.* at 6.)

With respect to damages, Judge Cho determined that the plaintiff had established damages to a "reasonable certainty," and recommended that the plaintiff be awarded a total of $919,252.10, comprised of $661,510.10 in unrefunded payments and $257,742.00 in lost profits.  (*Id.* at 35.)  In addition, Judge Cho recommended that the plaintiff receive pre-judgment interest on the unrefunded payments starting from June 1, 2020, the final delivery date contemplated by the parties' contracts, to the date judgment is entered, and pre-judgment interest on the plaintiff's lost profits from August 26, 2020, the date of the unfilled third-party customer purchase order, to the date judgment is entered.  (*Id.* at 12.)  Judge Cho recommended that all pre-judgment interest be calculated based on the average rate of return on one-year Treasury bills for the relevant time

period, between when the plaintiff's claim arose and the date of judgment. (*Id.*) No objections have been filed to the report and recommendation, and the time for doing so has passed.[1]

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).

---

[1] When he filed his report and recommendation on September 15, 2022, Judge Cho ordered the plaintiff to serve a copy on the defendant via overnight mail and also ordered that any objections be filed by September 29, 2022, fourteen days after the report and recommendation's filing date. (ECF No. 29 at 12.) However, the plaintiff did not serve the defendant until September 19, 2022. (ECF No. 30.) 28 U.S.C. § 636(b)(1) specifies that any party may object to the report and recommendation of a magistrate judge "within fourteen days after being served with a copy." Because the defendant has not appeared in this action, and does not receive ECF notifications, it may file any objection to Judge Cho's report and recommendation through October 3, 2022.

## CONCLUSION

I have reviewed Judge Cho's comprehensive report and recommendation and find no error.  Accordingly, I adopt the report and recommendation in its entirety.  I find that the plaintiff has adequately pleaded that the parties had enforceable contracts pursuant to the CISG and that the defendant breached those contracts.  I award the plaintiff $919,252.10 in damages, plus pre-judgment interest on the $661,510.10 in unrefunded payments from June 1, 2020 through the date of judgment, and pre-judgment interest on the $257,742.00 in lost profits from August 26, 2020 through the date of judgment. All pre-judgment interest shall be calculated according to the average rate of return on one-year Treasury bills for the relevant time period between when the plaintiff's claim arose and the date of judgment.  Because the plaintiff did not serve the report and recommendation on the defendant until September 19, 2022, this order is stayed through October 3, 2022, pending the expiration of the defendant's fourteen-day window to object.  *See* 28 U.S.C. § 636(b)(1).

**SO ORDERED.**

                                                              s/Ann M. Donnelly
                                                              _____
                                                              ANN M. DONNELLY
                                                              United States District Judge

Dated: Brooklyn, New York
          September 30, 2022